Case 103.—ACTION BY WILLIAM J. DAMRON AGAINST W. O. B. RATLIFF TO RECOVER LAND.—Nov. 20.

## Damron v. Ratliff

Appeal from Pike Circuit Court.
A. J. KIRK, Circuit Judge.
Judgment for Defendant. Plaintiff appeals. Affirmed.

1. Infants—Contracts—Ratification—A conveyance by an infant being voidable merely, may be ratified on his attaining his majority.

2. Same—Acts Constituting Ratification—An infant may ratify a conveyance of his real estate by failing to disaffirm the same within a reasonable time after reaching full age, or by accepting the benefits of the conveyance after arriving at full age, or by retaining property received under the conveyance and enjoying the same after coming of full age.

3. Same—An infant conveyed land for a specified sum, and received a part of the purchase price during infancy, and the

balance after reaching full age. Held, that the acceptance
of a part of the purchase price after reaching full age was a
ratification of the conveyance and made it as complete as
though he had been of age when it was made.

ROSCOE VANOVER for appellant.

JAMES GOBLE and RATLIFF & RATLIFF for appellee,

(No briefs in the record.)

OPINION BY JUDGE LASSING—Affirming.

In May, 1887, Walter Damron and his father,
James Damron conveyed by deed duly executed to
W. O. B. Ratliff a tract of land in Pike county, Ky.
A few months after this conveyance, appellee Ratliff
moved upon and took actual, exclusive possession of
the entire tract of land, and has remained and contin-
ued in the actual possession thereof ever since.   At
the date of this conveyance, Walter Damron was un-
der 21 years of age.   Appellee agreed to, and did,
pay him $350 for said land, $250 of which was paid
before the said Walter Damron became of age, and
$100 was paid on April 26, 1892, and after he became
of age.   On April 30, 1892, the said Walter Damron
conveyed this same tract of land to one A. J. Auxier,
by deed which was duly acknowledged, and Auxier,
on the same day, conveyed the same land to W. J.
Damron, appellant herein.   W. J. Damron filed his
suit in the Pike circuit court against appellee Ratliff
to recover possession of said land, alleging that ap-
pellee was in the wrongful and unlawful possession
thereof.   The title of appellant was controverted by
the answer, and appellee's ownership and possession
affirmatively pleaded.   Appellee further alleged that
at the time appellant received his deed under which
he claims the land, appellee was in the actual, adverse
exclusive possession of the whole of said tract, claim-
ing it under title of record in the Pike county court,

and that the deed under which appellant claimed was champertous and void.

On the trial of the case, issues having been joined, the following agreed state of facts was entered into: "It is agreed by the parties to this action that W. O. B. Ratliff, the defendant herein, purchased the entire tract of land in controversy from Walter Damron and his father, James Damron, and that they, on the 26th day of May, 1887, signed, acknowledged, and delivered to him a deed purporting to convey to him the title to said tract of land; that said deed was recorded in the clerk's office of the Pike county court, in Deed-Book Q, p. 16, on the 27th day of May, 1887. The said deed is filed herewith and made a part of this statement, and may be read as evidence herein, subject to legal exceptions. It is further agreed that the said W. O. B. Ratliff, just a few months before said deed was made, took the actual and exclusive possession of the whole of said tract of land, and he and those claiming under him have continued and remained in the active possession of said land to the present time, and that the said W. O. B. Ratliff is still in the possession of it. It is further agreed that Walter Damron was under the age of 21 years when he, in connection with his said father, made the said deed to said Ratliff. It is further agreed that W. O. B. Ratliff paid $350 on said land; $100 at the time he got the deed; $50 on the 26th of April, 1889; $50 on the 26th of April, 1890; $50 on the 26th of April, 1891, and $100 on April 26th, 1892; and that at the time the deed was executed, the father of Walter Damron told W. O. B. Ratliff that Walter would be 21 years of age a few days before the last payment became due. It is further agreed that the said Walter Damron, on the 30th day of April, 1892, after he became 21 years of age, signed, acknowledged, and delivered to A. J. Auxier a deed purporting to convey to him the title

to the whole of the tract of land in controversy. Said deed is recorded in the clerk's office of the Pike county court, in Deed-Book 7, p. 444. Said deed is filed as part of this statement, and may be read as evidence, subject to legal exceptions. It is further agreed that A. J. Auxier, on the 30th day of April, 1892, signed, acknowledged, and delivered to plaintiff, W. J. Damron, a deed purporting to convey to him the whole tract of land in controversy. Said deed is recorded in the Pike county court clerk's office, in Deed-Book No. 7, p. 442, and is made part of this statement, and may be read as evidence, subject to legal exceptions.'' On the pleadings and agreed state of facts and proof, the trial court adjudged appellee, Ratliff, the owner of the land, and dismissed the petition, and from that judgment this appeal is prosecuted.

Two questions are presented for determination: First, did the acceptance of $100, the remainder of the purchase price, by Walter Damron after reaching his majority amount to a ratification of the sale he had made while an infant? and, second, was the sale and conveyance from Auxier to appellant champertous?

We will consider the question of ratification first. If the contract of sale made by Walter Damron to appellee Ratliff was a voidable contract, then it was such a one as he could ratify after arriving at the age of 21 years. The weight of authority is that the contract in question was a voidable contract. ''Much the greater portion of all of the acts and contracts of an infant are voidable only, for it is the policy of the law not to encumber the free action of the infant by disabilities, but allow him the right to suspend ultimate decision upon a doubtful question of benefit until he shall be of full age, and placed on a footing equal to the other contracting party.'' Story on Contracts, art. 58.

A voidable act is binding upon the adult contracting party until disaffirmed by the infant, and hence is capable of being affirmed when the infant attains his majority. Chief Justice Parker thus states the rule in Whitney v. Dutch, 14 Mass. 462, 7 Am. Dec. 229; "Whenever the act done may be for the benefit of the infant it shall not be considered void, but that he shall have his election when he comes of age to affirm or avoid it." The act of the infant may be ratified in three ways: First, by the failure on his part to disaffirm the contract within a reasonable time after reaching full age; second, by accepting the benefits of the contract made during infancy after arriving at full age, and, third, by retaining property received under a contract made during infancy, and using and enjoying same after coming of full age. In this case, it is necessary to consider only the second ground upon which a contract may be ratified, to wit, the acceptance of a consideration for the contract on reaching his majority. The rule is thus laid down in the note to the case of Craig v. Van Bebber, 13 S. W. 906, 18 Am. St. Rep. 569. "If a person after attaining his majority accepts the consideration of a contract made by him while an infant, such an act very plainly amounts to a ratification of the contract; as where an infant lessor accepts rent after reaching full age, or receives interest under his agreement, or accepts the purchase price of property sold by him. Ferguson v. Bell's Adm'r, 17 Mo. 347, and other cases therein referred to." This case and the doctrine laid down in the cases cited herein are directly in point, and are conclusive of the question under consideration. Walter Damron reached his majority on or before the 26th day of April, 1892, and on said date he accepted the remainder of the purchase price for the land which he had sold to appellee Ratliff. By this act he ratified the sale which he had made to Rat-

liff during his infancy, and the act of ratification related back to the date of the contract of sale and made that contract as perfect and complete as though he had been 21 years of age when it was made. This being true, the sale and conveyance which he made, or attempted to make, to Auxier four days later was absolutely void, as he had perfected the title to said land in appellee by the acceptance of the remainder of the purchase money for same from him. The ratification of the contract of sale by Walter Damron to appellee after reaching his majority having perfected the title of appellee to the land in question, it is unnecessary to pass upon the second question raised upon this appeal.

The judgment is affirmed.