## Ward, By, et al. v. Ward, et al.

(Decided April 12, 1911.)

### Appeal from Pike Circuit Court.

1. The deed of an infant cannot be avoided where he accepts the consideration after he is of age, and sells it.
2. A deed will not be set aside on the ground that it was obtained by undue influence when it was acquiesced in by the grantor during his life, and was first complained of after his death, more than five years after it was made.

J. S. CLINE for appellant.

F. W. STOWERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.

On February 4, 1894, John W. Ward purchased from Frank Abshire a small tract of 25 or 30 acres of land for $45.00 which he paid; and had Abshire to execute a deed to his infant son S. B. Ward. The purchase was of only the surface, the mineral having been previously sold by Abshire. S. B. Ward, on January 17, 1903, conveyed the land to his father. He became of age July 13, 1903, having married some months before that. He died on August 23, 1908, and on January 27, 1909, this action was brought by his infant children against their grandfather to set aside the deed which their father had made to him in January 1903, on the ground that their father was an infant when he executed the deed, and that the deed was obtained from him in this way: that he wished to get married: that his father refused to give his consent to his marriage unless he deeded him the land, and that he executed the deed to obtain his father's certificate so that he could get the marriage license. Proof was taken and on final hearing the circuit court dismissed the petition. The plaintiffs appeal.

There is no doubt from the record that S. B. Ward was an infant when he made the deed to his father, but it also clearly appears that he became of age in July following; that his father did not pay him in money for the land, but gave him a cow which he took for it, and allowed him to remain at his father's; that after he was of age, he sold the cow to another and collected from him the purchase money $40.00. While an infant may avoid his deed made during infancy, he may ratify it after becoming of age; and where, as here, after he became of age, he received the cow and sold her, his subsequent ratification of the transaction is as effective as if he had then made a new deed. (Damron v. Ratliffe, 123 Ky. 758; Craig v. Van Bebber, 18 Am. St. Rep. 715 and note.)

S. P. Ward lived more than five years after he became of age, and after he had ratified the transaction. He at no time took any step to set aside the deed or complained of it in any way. He lived not far from his father, and knew all the facts. When he died his cause of action to avoid the deed on the ground that it was obtained from him by fraud or duress was barred by limitation. The circuit court properly refused to disturb the deed after his death under such circumstances on the proof now made.

Judgment affirmed.