## Quigley v. Franklin, et al.

(Decided April 12, 1911.)

### Appeal from Barren Circuit Court.

A merchant who sells goods to a tenant upon a verbal agreement that the tenant's crops shall stand good for the account, has no lien on the crops as against a purchaser from the tenant, though he had notice of the verbal agreement.

J. R. WHITE and MAX B. HARLIN for appellant.

PORTER & SANDIDGE for appellee J. T. Franklin.

BAIRD, RICHARDS & SUMMERS for appellee W. T. Church.

DUFF & HUTCHERSON for appellee H. W. Duff.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.

In the year 1908, J. T. Franklin was a tenant on the farm of W. T. Church near Goodnight, Kentucky, cultivating a crop of tobacco, corn and Irish potatoes on

shares, one-half to the tenant and one-half to the land-lord. G. F. Quigley ran a store in Goodnight and Frank-lin bought at the store things that he needed, thus con-tracting an indebtedness to Quigley to the amount of $265.00. He also obtained supplies from Church to the extent of $272.00. He bought a pair of mules from Church for which he agreed to pay $300.00, which was secured by a mortgage on the mules. He told Quigley from time to time that his crop stood good for the account that he was making at the store, but he did not execute to Quigley at any time a mortgage. In September of the year he sold his half of the tobacco to Church for $470.00, and also sold him 32 barrels of corn which belonged to him to pay the balance of his debt. Quigley thereupon brought this suit and attached the remainder of Frank-lin's part of the crop. Franklin filed an answer in which he claimed the attached property as exempt to him under the statute. Henry Duff, who had a mortgage on the attached property to secure a debt of $50.00 and had af-terwards bought the mules from Franklin, was made a defendant to the action. On final hearing the court gave Quigley a judgment against Franklin for his debt with interest and cost, but held that the attached property was exempt to Franklin as a housekeeper. He ordered Duff's mortgage paid and refused to give Quigley any judgment against Church or Duff. Quigley appeals.

Quigley had no mortgage on the tobacco or corn which Franklin sold to Church in satisfaction of his debt against him. He had no lien on the property which he can assert against Church. The proof shows that the trade was made in good faith, and that Church paid a fair consideration for the property. The transaction is not attacked under the act of 1856 as a preference of Church, and the evidence fails to show any fraud in the trans-action. Quigley trusted Franklin. He might have pro-tected himself by taking a mortgage, but he did not take one. The verbal agreement by Franklin that his crop should stand good to Quigley for the account cannot be enforced to the prejudice of Church, though he had notice of it. It has been often held that a promise by a debtor to his creditor that the debt shall be paid out of a certain fund, is not sufficient to give the creditor a lien. The proof as to the declarations made by Franklin is insufficient to show more than that Franklin promised that Quigley's debt should be paid out of his crop. Sound policy does not permit the establishment of secret liens

to the prejudice of third persons, on mere loose declarations to the effect that the property stands for the debt. (See Stahl v. Lowe, 18 R., 946, 19 R., 211.)

The evidence sustains the conclusion of the circuit court that the property which was left in Franklin's hands after the trade with Church was exempt to Franklin as a housekeeper; the circuit court properly so adjudged.

As Quigley had no lien he was properly refused any relief against Duff to whom Franklin had sold the mules after the mortgage lien on them was released by Church.

Judgment affirmed.