## Clark v. Kidd, et al.

(Decided May 22, 1912.)

### Appeal from Floyd Circuit Court.

Infants—Avoidance of Deed During Infancy—Ratification—Consideration.—While an infant may avoid his deed made during his infancy, he may ratify it after becoming of age; and where, after he became of age, he accepted a part of the consideration for which the conveyance was made, that act constituted a ratification of the original transaction, and is as effective as if he had made the deed at the time he accepted the consideration.

JAMES GOBLE for appellant.

HARKINS & HARKINS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Jacob Clark instituted this action on July 23, 1900, for the purpose of canceling a deed executed by him on September 6, 1895, while an infant, whereby he conveyed to R. M. Kidd a tract of land, for the consideration of $1,000. The circuit judge dismissed his petition, and Clark appeals.

The weight of the evidence shows that Clark was born on April 24, 1875; he therefore reached his majority on April 24, 1896, which was more than six months after he executed the deed to Kidd. As a defense, the appellee successfully relied upon the ratification of the deed by Clark after he had reached his majority. Of the consideration, $250 was paid in cash, and four notes

were given for the unpaid portions of the purchase money. The last note for $200 was due 32 months after its date. However, on April 21, 1896, this last note was taken up, by Kidd paying $100 in cash and executing a new note to Clark for the remaining $100, payable one day after date. Finally, on May 8, 1896, Kidd paid this last note and had Clark endorse thereon the following receipt:

"Received of R. M. Kidd one hundred ($100) dollars for balance due me for real estate sold him. The same being my undivided one-half interest in the real estate of John Clark, deceased, exclusive of widow's dower. This May 8, 1896.        JACOB CLARK.

"Signed in the presence of—

"A. K. HATCHER,

"SAM HEREFORD."

This last payment was accepted by Clark after he had reached his majority, and is relied upon as a ratification of his original deed.

The precise question was before this court in Damron v. Ratliff, 123 Ky., 758, where it was held that if a person, after attaining his majority, accepts the consideration of a contract made by him while an infant, such act plainly amounts to a ratification of the contract. In that case, Damron, while an infant, had sold his land for $350, of which $100 was paid to Damron on the day he reached his majority, and by that act it was held that he had ratified the sale which he had made to Ratliff during his infancy.

And, in Ward v. Ward, 143 Ky., 92, we said:

"There is no doubt from the record that S. B. Ward was an infant when he made the deed to his father, but it also clearly appears that he became of age in July following; that his father did not pay him in money for the land, but gave him a cow which he took for it, and allowed her to remain at his father's; that after he was of age, he sold the cow to another and collected from him the purchase money, $40. While an infant may avoid his deed made during infancy, he may ratify it after becoming of age; and where, as here, after he became of age, he received the cow and sold her, his subsequent ratification of the transaction is as effective as if he had then made a new deed. (Damron v. Ratliff, 123 Ky., 758; Craig v. Van Bebber, 18 Am. St. Rep., 715, and note.)"

These two precedents are conclusive of this case, and in following them the chancellor clearly was right.

As this case must be affirmed upon the question of ratification, it is unnecessary to discuss the other questions presented by the briefs.

Judgment affirmed.