## Turner v. Stewart, Jr.

(Decided June 12, 1912.),

### Appeal from Harlan Circuit Court.

1. Infants—When Estopped to Rely Upon Infancy.—Where an infant made an affidavit to the effect that he was more than twenty-one years of age, for the purpose of bringing about a sale of his land to a third person, who relied upon the affidavit, in good faith, in making the purchase, the infant will be estopped from relying upon his infancy to defeat his deed.

2. Infants—Ratification.—Where an infant accepted a note in part payment of the consideration of a sale of his land, and after his majority he endorsed the note and directed the maker to pay it to the person to whom the infant had assigned it, these acts upon the part of the infant constitute a ratification of the original sale, and are as effective as if he had made the deed at the time he assigned the note and directed its payment.

J. S. FORESTER for appellant.

CLAY & CARTER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee Wilson Stewart, Jr., brought this action to cancel a deed executed by him on July 12, 1909, whereby he conveyed to appellant Henry Turner an undivided one-fifth interest in a tract of land lying on Jones' Creek, in Harlan county, for the sum of $200.00, while he was a minor. Turner answered denying Stewart's infancy, and further relied upon the fact that at the time of the sale, Stewart signed and swore to an affidavit, to the effect that he had reached his majority on April 4, 1909, according to the best information he had from his people and neighbors.

Turner alleged and proved that he believed and relied upon the affidavit, and bought the land upon the faith of it; and that if Stewart was not then twenty-one years of age, he made said affidavit for the fraudulent

purpose of inducing appellant to buy said land, and that Stewart is now estopped from relying upon his infancy to defeat his deed. By an amended answer Turner presented the futher defense of ratification of the sale upon the part of Stewart; and as facts establishing the ratification, Turner alleged and proved that when he bought the land on July 12, 1909, he did not pay Stewart in full, but gave him, in part payment, a promissory note for $100.00, payable when Stewart's wife should become twenty-one years of age, and make Turner a deed of confirmation to the land in question; that afterwards, on June 10, 1910, Stewart's wife, having reached the age of twenty-one years and having executed and delivered to Turner her deed conveying her interest in the land in controversy, Stewart not only stood by and approved what his wife had done, but endorsed and transferred the note to W. R. Bailey, and then went in person to Turner and told him to pay the note to Bailey, which appellant did in accordance with Stewart's request; and that all of these acts having been done by Stewart after he had become twenty-one years of age, he thereby ratified his original deed in every respect. The chancellor canceled the deed and gave Turner a judgment against Stewart for $100.00, with a lien upon the land to secure its payment; and from the judgment canceling the deed, Turner prosecutes this appeal.

While the evidence as to Stewart's age is contradictory and unsatisfactory, the weight of it is, perhaps, with Stewart. If he was born on April 4, 1889, he did not reach his majority until April 4, 1910, about nine months after he made the deed to Turner. Stewart admits, however, that he voted in a primary election on April 3, 1909, on which occasion he swore that he was then twenty-one years of age. This was more than three months before Stewart made the sale to Turner. Furthermore, Stewart produces a Bible in which there is an entry in ink showing that he was born on April 4, 1889; but he admits that the date had been changed by pencil so as to show his birth in 1888, and that the entry as thus changed had been shown to Turner at the time he bought the land. Stewart further admits that he himself procured the writing of the entry in the Bible shortly before it was shown to Turner.

The facts relating to the affidavit bring this case squarely within the rule laid down in Schmitheimer v.

Eiseman, 7 Bush, 300, where the infant also had made an affidavit, as an inducement to the sale, that to the best of her knowledge and information she was then more than twenty-one years of age; and in denying any relief to the infant, under such circumstances, this court said:

"Neither infancy nor coverture can excuse parties guilty of fraudulent concealment or misrepresentation, for neither infants nor femes covert are privileged to practice frauds upon innocent persons. 1 Story's Equity, 385; 8 B. Mon., 543; 14 B. Mon., 513."

Under the rulings of this court in the late cases of County Board of Education v. Hensley, 147 Ky., 441, and Smith v. Cole, 148 Ky., 138, Stewart is estopped by his conduct from relying upon his infancy.

Moreover, Stewart must lose upon the issue of ratification. There is no disputing the fact that when Stewart endorsed the note, which he had theretofore sold to Bailey, and directed Turner to pay Bailey, Stewart was, according to his own contention, more than twenty-one years old; and although he dated his endorsement as having been made on October 2, 1909, so that it might appear as having been made during his minority, he admits that he really made the endorsement on June 10, 1911. Furthermore, as above stated, at the same time and after he became of age he directed Turner to pay the note to Bailey pursuant to the assignment. We thus have two affirmative acts upon the part of Stewart after he had reached his majority which are amply sufficient to show his ratication of the sale.

We had this precise question before us in the late case of Clark v. Kidd, 148 Ky., 479, where an infant, after he became of age, accepted a part of the consideration for which his conveyance had been made; and it was held that that act constituted a ratification of the original transaction, and was as effective as if he had made the deed at the time he accepted the consideration. In support of the doctrine there announced we relied upon Damron v. Ratliff, 123 Ky., 758, and Ward v. Ward, 143 Ky., 92. Those cases are conclusive of this case; and in canceling the deed, the circuit court was in error.

Judgment reversed, with instructions to dismiss the petition.