RUEHLE v. LANGE.

1. INFANTS — MORTGAGES — AGREEMENT TO PAY INTEREST AFTER REACHING MAJORITY AFFIRMS MORTGAGE.

Where an infant, as security for borrowed money, executed a mortgage which both she and the mortgagee knew was voidable, a promise to pay interest from the date of the mortgagee's death, made to the attorney representing mortgagee's estate, and others, after mortgagor became of age, *held*, an affirmance of the mortgage.

2. SAME—MORTGAGE AFFIRMED COULD NOT BE LATER REPUDIATED.

Where an infant after becoming of age affirmed a mortgage, she could not thereafter repudiate it.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted June 20, 1923. (Docket No. 54.) Decided July 19, 1923.

Bill by George E. Ruehle, executor of the last will of Lizzie E. Browne, deceased, against Sarah Toms Lange and another to foreclose a mortgage. From a decree for plaintiff, defendants appeal. Affirmed.

*Lynch & Lovett*, for plaintiff.

*Asher L. Cornelius*, for defendants.

WIEST, C. J. This is a bill to foreclose a real-estate mortgage. From a decree of foreclosure, defendant Sarah Toms Lange has appealed. Sarah Toms Lange was brought up by Lizzie Browne; who was appointed her guardian in 1916, and discharged as such after the marriage of her ward in 1920. June 19, 1920, at the age of 19 years, Sarah Toms Lange was married to defendant Oswald T. Lange. Her husband was interested in a land development company, and

As to rule concerning new promise of infant after attaining majority, see note in 53 L. R. A. 365.

Mrs. Lange, desiring to invest in the company, solicited Mrs. Browne to loan her $3,000 with which to buy stock therein.    Mrs. Browne, well aware of the infancy of Sarah Toms Lange and the voidable character of such a loan, but evidently moved by love and faith in the honesty of purpose of the girl she had reared, on July 20, 1920, loaned Mrs. Lange $3,000, and the loan was secured by a mortgage executed by Mrs. Lange upon property she owned in the city of Detroit, and which property she still owns.    The defendant Oswald T. Lange indorsed the mortgage note given by his wife.    Nothing has been paid on the principal or interest of the mortgage.    Defendant Sarah Toms Lange still holds the stock purchased with the $3,000 and admits it is worth par.    Mrs. Browne died February 28, 1922, leaving a will in which she bequeathed $500 to Mrs. Lange and requested the appointment of George E. Ruehle as executor.    Mrs. Lange lived with Mrs. Browne to the time of Mrs. Browne's death.

The only question in the case is whether Mrs. Lange affirmed the mortgage after October 1, 1921, when she ceased to be an infant.    At the time the mortgage was given both Mrs. Browne and Mrs. Lange knew it was a voidable transaction.    Shortly after the death of Mrs. Browne, Mrs. Lange read the will bequeathing her $500 in cash and, with other legatees, and accompanied by John D. Lynch, an attorney at law representing the estate, went to a bank to check over the papers in a box of the deceased, and there mention was made of the mortgage in suit, and Mrs. Lange stated that she wanted the $500 left her by Mrs. Browne applied on her mortgage.    Later Mr. Lynch filed the will for probate, secured the appointment of the designated executor and tried to collect in what was coming to the estate on mortgages.    He called on Mrs. Lange and spoke to her about the in-

terest due on her mortgage, and informed her of the amount and she stated:

"That she was not supposed to pay interest to Mrs. Browne because Mrs. Browne had told her that she would not have to pay interest, and she also stated that she realized, of course, she would have to pay interest from the date of Mrs. Browne's death."

Mr. Lynch informed her a few days later that the estate would accept the interest from the date of Mrs. Browne's death and Mrs. Lange then said:

"She wasn't sure that she was going to pay anything because, * * * 'I never ratified that mortgage since I became of age.' "

This was said after she had consulted an attorney. Mrs. Lange testified:

"I had a smattering of commercial law before I graduated from high school."

Mrs. Lange claims the statement made by her in the bank was not an affirmance of the mortgage because not made to any one representing the estate and was no more than a mere expression of desire. Without holding that an affirmance of a voidable obligation must be made to the party interested in enforcing it, Mrs. Lange cannot escape, even if we should so hold. The affirmance at the bank was made to persons interested in the estate, and the affirmance, by recognition of the obligation to pay the interest on the mortgage, was made to the attorney representing the estate when he was looking for payment.

Counsel for Mrs. Lange says:

"But assuming for the sake of argument that the language relied upon would be sufficient to constitute a ratification, we are confronted with another legal principle which negatives the plaintiff's right to recover. That principle is: where language is relied upon as establishing a ratification it must have been

uttered by the person with full knowledge of her rights to avoid the instrument. An important inquiry, therefore, is—Did Sarah Toms Lange know of her right to avoid this mortgage at the time the statements relied upon were made?"

Again, without holding an affirmance must be with knowledge of right to avoid an obligation (a question upon which courts are not in harmony), we are fully persuaded that Mrs. Lange knew, when she gave the mortgage, that it was voidable. With such knowledge it rested with her sense of honor and fair dealing, upon her outgrowing her infancy, to justify the confidence of her foster-mother in her sense of integrity by affirmance of the mortgage, or to escape the same by repudiation. She took the honorable course instinctively and, having affirmed the mortgage, she could not thereafter go back to the parting of the ways and take the other course of repudiation. The principles of law applicable to the facts in this case are too elementary to justify citation of authorities.

The decree is affirmed, with costs to plaintiff.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.