## Frazier v. Rockhouse Realty Company, et al.

(Decided June 24, 1927.)

### Appeal from Letcher Circuit Court.

Infants.—Plaintiff who, after attaining his majority, accepted allotment in partition suit, made possible by conveyance which was part of consideration for conveyance by plaintiff and others to defendants, made while plaintiff was an infant and thus accepted part of consideration, ratified conveyance to defendant so as to preclude rescission.

LESLIE W. MORRIS for appellant.

JESSE MORGAN and P. T. WHEELER for appellees.

JOHN P. CUSICK, Warning Order Attorney.

Opinion of the Court by Judge Dietzman—Affirming.

On October 3, 1895, James S. Frazier conveyed to his six children in fee a certain tract of land containing some 921 acres situated in Letcher county, Ky. The appellant is one of those six children, and was at the time of this conveyance an infant, having been born on January 28, 1894. The appellee Rockhouse Realty Company at that time owned a tract of land containing some 421 acres and known as the I. D. Hall tract. This Hall tract adjoined the Frazier tract. In May, 1908, pursuant to an agreement entered into between the parties, the six children of James S. Frazier conveyed to the appellee Rockhouse Realty Company the mineral rights underlying the Frazier tract, and in consideration of this conveyance the Rockhouse Realty Company paid to these six children a cash consideration, and in addition conveyed to them the surface of the Hall tract. The mineral rights under the Frazier tract have by mesne conveyances come into the ownership of the appellee Kentucky River Coal Corporation. All of the mesne grantees of the mineral rights under the Frazier tract and the appellee Kentucy River Coal Corporation took their conveyances with full knowledge that the appellant, at the time he joined with his brothers and sisters in the conveyance to the Rockhouse Realty Company, was a minor.

In 1913 appellant's sister and one of the grantees in the deed of the Frazier tract brought her action in the Letcher circuit court against her cograntees in that deed to have partitioned between them the Frazier and Hall tracts. The father, James S. Frazier, assisted by some of his children, among whom was the present appellant, vigorously contested the right of the plaintiff in that suit to the partition she sought, but she was finally victorious, as may be learned by reading the opinion of this court in the case of Combs v. Ison, 168 Ky. 728, 182 S. W. 953. After this court had disposed of this Combs case, the Letcher circuit court on the 16th day of August, 1916, entered a judgment directing a partition among the grantees of the Frazier and Hall tracts, and appointed commissioners for that purpose. Having performed their tasks, the commissioners reported the results of their labor to the court, and on January 16, 1917, the court directed the master commissioner of the court to execute deeds to the respective parties for their respective tracts

allotted them, which the commissioner did. The appellant was allotted in the division tract No. 1 containing 179 acres, all of which lay in the original Frazier tract, and on which the appellant had for a number of years lived. At first the appellant did not accept the deed made him by the master commissioner in the partition proceedings, but just before bringing this suit he did go to the court, procured his deed, and had it recorded. In a number of places in his testimony in this case appellant says that he is holding this 179 acres under that deed and claims them by virtue of that deed.

On the day after he recorded this deed appellant brought this suit, claiming an undivided one-sixth interest in all the minerals underlying the 921 acres of the Frazier tract on the ground that the deed he made the Rockhouse Realty Company of that interest was voidable because he was an infant at the time. The defense to this suit was that, having come of age, the appellant by his conduct had ratified the deed he made while an infant and which he sought to avoid by this litigation. We think the defense was made out by the evidence in this case. In the partition proceedings among the appellant and his brother and sisters, the Hall and the Frazier tracts were considered as a whole, and were divided as a whole. Although the appellant was allotted no land except in the Frazier tract, it is obvious that the extent of his allotment in the Frazier tract was augmented by the fact that some of his brothers and sisters were in lieu of any part of the Frazier tract given land comprised in the Hall tract. By accepting his deed in the partition proceedings after he reached his majority, the appellant necessarily then approved of the method of the division which took into consideration the ownership among these six children of the Hall tract. The allotment to him of these 179 acres necessarily rested in part on his parting with his right to any portion of the Hall tract, and this he could not do unless he affirmed his right to an interest in the Hall tract. By taking the full 179 acres in the Frazier tract in lieu of any part of the Hall tract, appellant necessarily received a part of the consideration given by the Rockhouse Realty Company for the conveyance of the minerals under the Frazier tract. This appellant did after he attained his majority. Appellant says he still claims the 179 acres allotted him and claims them under his partition deed. This being true, he necessarily approved of the conveyance to him and his

brothers and sisters of the Hall tract by the Rockhouse Realty Company, and in so doing he ratified his conveyance of the mineral rights under the Frazier tract made by him when a minor. One who, after attaining his majority, accepts a part of the consideration for a conveyance made while an infant, thereby ratifies the conveyance so as to preclude rescission. Clark v. Kidd, 148 Ky. 479, 146 S. W. 1097; Damron v. Ratliff, 123 Ky. 758, 97 S. W. 401, 30 Ky. Law Rep. 67; Ward v. Ward, 143 Ky. 91, 136 S. W. 137.

It follows that appellant had no right to avoid the deed to the mineral rights under the Frazier tract as he sought to do in this action, and the judgment of the lower court in dismissing his petition is correct and is affirmed.