## McELROY v. CALHOUN et al.

No. 26430. March 24, 1936.

Rehearing Denied May 12, 1936.

Bailey E. Bell and Herbert Barnett, Jr., for plaintiff in error.

Marshall & Cobb, for defendant in error J. Garfield Buell.

GIBSON, J. This action was commenced in the district court of Tulsa county December 23, 1924, by Clarence McElroy against J. Garfield Buell and others for possession and to quiet title to a parcel of land located in the original townsite of the city of Tulsa. The suit was in equity and judgment was for defendant Buell, and McElroy has appealed.

The parties will be referred to herein as plaintiff and defendant, respectively, as they appeared at the trial.

On September 22, 1902, a town lot patent was issued by the Creek Nation to the plaintiff conveying the premises in question. The record title shows a deed dated August 1, 1903, executed by plaintiff to one H. C. Cal-

houn, defendant's grantor. On the latter date plaintiff was a minor of the age of 18 years.

Plaintiff's uncorroborated testimony was that he did not sign a deed; he knew nothing of the land and his ownership thereof until the year 1924, when he discovered the above-mentioned patent among the effects of his deceased father. He believed the land was purchasd for him by his father out of plaintiff's funds.

Defendant's evidence was that the lot was purchased by plaintiff's father and a witness named Bynum for Calhoun with Calhoun's money; that the deed in question was delivered by plaintiff's father to Bynum for delivery to Calhoun.

There is no testimony that plaintiff executed the deed. Calhoun and the notary who took plaintiff's acknowledgment were dead. The lot is paved and has been so paved for more than 15 years and is used by defendant as a driveway for business purposes.

Plaintiff brings to this court the following questions:

First. Does a forged deed amount to a muniment of title?

Second. Is the plaintiff's action barred by the statutes of limitation?

Third. Is the plaintiff guilty of laches such as would prevent him from recovering?

By the first question plaintiff assumes the position that forgery has been established. His own uncorroborated testimony, although undisputed by positive evidence, is insufficient to warrant a finding of forgery, and such was the purport of the trial court's finding. A deed apparently regular upon its face, signed and acknowledged before a proper officer, imports verity, and can be impeached for forgery only by clear, unequivocal, and convincing testimony, and the uncorroborated testimony of the grantors alone is ordinarily insufficient to overcome the presumption of its validity where the surrounding facts with reference to its validity or invalidity are equally consistent. Winn v. Wilmott, 138 Okla. 177, 280 P. 808. There we held as follows:

"The presumption of validity that attaches to a deed to realty shown to be regular in execution upon its face cannot be overcome by the uncorroborated testimony of the grantors alone, where the surrounding facts are as consistent with the validity of the deed as they are with the denials of the grantors."

We say, therefore, that a deed apparently valid upon its face carries with it a presumption of validity, and that presumption may not be overcome by evidence consisting only of the uncorroborated testimony of the grantor.

In the face of the facts as shown by the record, the question of fraud is eliminated, and we have a deed executed by one under majority, voidable for that reason but in all other respects valid, and subject only to disaffirmance by the positive act of the grantor within the statutory period of two years after majority. This the grantor failed to do, and the deed must stand as confirmed, and valid.

The judgment of the trial court is therefore affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.