**SOUTHERN ACCEPTANCE CORPORA-TION, a corporation, Plaintiff in Error,**

v.

**Walter E. KEY, Defendant in Error.**

**No. 40345.**

Supreme Court of Oklahoma.

Feb. 18, 1964.

**632**

Keith McMillin, Oklahoma City, and James L. Clark, Coalgate, for plaintiff in error.

Duard C. Willoughby, Ada, for defendant in error.

HALLEY, Vice Chief Justice.

Walter E. Key, hereafter referred to as defendant, purchased an automobile from Dale Case, an automobile dealer in Oklahoma City for $2,500. He paid $400 down on the car and with the assistance of Dale Case borrowed $2,100 from the plaintiff in error, Southern Acceptance Corporation, who will be referred to as plaintiff, to take up the balance of the purchase price. To obtain this loan he gave a note to plaintiff on December 14, 1959, in the sum of $2,484.84, payable $300 on January 15, 1960, and thirty-six payments monthly thereafter at $60.69 per month, beginning February 1, 1960, thereafter. On the same day, to secure this loan, the defendant gave the plaintiff a chattel mortgage on the automobile purchased from Case.

The defendant was born on the 27th day of March, 1939, and was twenty years eight months and eighteen days old on the day of the transaction.

Trial was had in this case and judgment was entered for the defendant permitting him to disaffirm the note and mortgage but making no disposition of the car which apparently remained in the possession of the defendant by virtue of the re-delivery bond, which he furnished. In addition he was awarded judgment against the plaintiff for $1,064.14. This represented the $400 he paid the dealer and the $664.14 he paid plaintiff on the note.

The defendant made the first payment on January 19, 1960, of $300, the second payment of $60.69 on February 9, 1960, the third payment of the same amount on March 11, 1960. On April 11, 1960, he sent the plaintiff a check for a like amount but this check never cleared because of insufficient funds. On July 13, 1960, he paid $242.76. This brought his payments up to date. At the time these last two payments were made the defendant had reached his majority.

Early in July, 1960, Dale Case at the instance of Mr. Van Cleef, the president of the plaintiff, got possession of the car in question and took it to his home for safe-keeping. Case obtained the key to the ignition of the car from the defendant. In three or four days the defendant went to the home of Dale Case and repossessed the car and has ever since had possession of it.

It was after the above happening that the defendant sent the plaintiff a money order to cover four monthly payments.

In the latter part of July, 1960, the defendant sent word to plaintiff to come to Coal County and get the car but demanded all the money he paid on the car, including the $400 down payment made to Dale Case. The defendant failed to make the payment due August 15, 1960, so this action

in replevin was filed on August 26, 1960. A replevin bond was given by the plaintiff and a re-delivery bond was made by defendant.

The plaintiff relies on three grounds for reversal which are:

"1. A minor who induces another to contract with him by fraudulent misrepresentations as to his age is estopped to later claim his minority as grounds for disaffirmance.

"2. A minor who enters a contract when he is over the age of 18 cannot disaffirm such contract until he restores to the other party the consideration received or pays its equivalent with interest.

"3. A voidable contract made by a minor may be ratified and affirmed upon reaching majority and may not thereafter be disaffirmed. Such ratification may be implied from one's acts and conduct."

We will only discuss the third proposition, the facts concerning which there is no controversy. We consider that the fact the defendant sent the plaintiff the April payment on April 22, 1960, which was twenty-six days after he reached his majority and his payment of $242.76 on July 13, 1960, three months and sixteen days after he became of age, constituted a ratification and affirmance of the note and mortgage executed on December 14, 1959.

Of course, if the note and mortgage were void there would be no liability on defendant but we said in Drumhiller v. Norick Motor Co., 144 Okl. 174, 289 P. 698, 69 A.L.R. 1368, that an infant's mortgage is not void in the first instance but is only voidable.

Our section of the statutes which is applicable here is 15 O.S.1961 § 19, and is as follows:

"In all cases other than those specified herein, the contract of a minor, if made whilst he is under the age of eighteen may be disaffirmed by the minor himself, either before his major-

ity or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received or paying its equivalent with interest."

This section was taken from the Laws of Dakota Territory and is almost identical with the section of the statutes of North Dakota of 1899, section 2703. The Supreme Court of North Dakota, in construing this section of their statutes, held in Luce v. Jestrab, 12 N.D. 548, 97 N.W. 848, that a note and chattel mortgage given in the purchase of a team of horses by a minor over eighteen years of age was voidable and not void.

We have held in Williams v. Pearce, 98 Okl. 206, 225 P. 373, that under Mansfield's Digest of the Laws of Arkansas then applicable to transactions in the Indian Territory that a deed executed by a minor over the age of eighteen years was voidable and not void. This rule was followed in Warner v. Williams, 158 Okl. 66, 12 P.2d 525.

In McElroy v. Calhoun et al., 177 Okl. 38, 57 P.2d 827, we said that a deed executed by one under majority was voidable and subject only to disaffirmance within the statutory period. We therefore conclude that the chattel mortgage and note given in the case at bar was voidable and not void. See also Casement v. Callaghan, 35 N.D. 27, 159 N.W. 77.

Since the note and mortgage in question were not void but voidable then these can be ratified and affirmed after majority.

The acts which show ratification of these instruments in our case are, as we have said, the making of the payments after defendant was twenty-one. Agreeing to pay interest and paying interest have been held in other jurisdictions to constitute ratification. Ruehle v. Lange, 223 Mich.

690, 194 N.W. 492; American Mortgage Co. of Scotland v. Wright, 101 Ala. 658, 14 So. 399.

After having ratified and affirmed the note and mortgage on reaching his majority the defendant cannot subsequently disaffirm the transaction. We have not had occasion to pass specifically on this before but we believe such rule is sound and is sustained by Taylor v. Brown, 165 Ga. 698, 141 S.E. 898 and Frazier v. Rockhouse Realty Co., 220 Ky. 761, 295 S.W. 1042. See also 43 C.J.S. Infants § 51.

The judgment of the trial court is reversed with instructions to enter judgment for the plaintiff for the possession of the automobile in question.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.