## RICE v. ANDERSON.

### No. 2742. Opinion Filed September 2, 1913.

#### (134 Pac. 1120.)

1. **INDIANS—Evidence of Age—Direction of Verdict.** In an eject-ment suit by an allottee to recover certain land conveyed by her, the defendant relied upon certain conveyances from her but she alleged that she was a minor at the time the conveyances were made. At the trial she introduced the enrollment records which showed that she was seventeen years old in September before the 2d of October, when the deed upon which defendant relied was made. The court instructed a verdict for defendant. Held, error.

2. **SAME—Enrollment Records.** The purpose of the act of Congress (Act May 27, 1908, c. 199, sec. 2, 35 St. at L. 312), making the enrollment records conclusive evidence of the age of an allottee was to exclude oral evidence as to the question of age, and the conclusive presumption of law is that the allottee is of the exact age shown by those records and not merely that the age thus shown is the age at the nearest birthday.

3. **INFANTS—Disaffirmance of Contracts—Return of Consideration.** When a conveyance is made by a minor under the age of eighteen years, he is not required to return or offer to return the considera-tion as a condition of being permitted to disaffirm the contract.

(Syllabus by Rosser, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Birtanna Rice (nee Tolliver) against J. A. An-derson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*N. B. Maxey, J. B. Campbell,* and *Wm. O. Beall,* for plain-tiff in error.

*Jay. A. Anderson,* for defendant in error.

Opinion by ROSSER, C.    This was an action in eject-
ment by Birtanna Rice against J. A. Anderson to recover cer-
tain land which was her homestead allotment.    The petition
was an ordinary ejectment petition.    The defendant answered
and asserted title in himself by virtue of two certain deeds
executed to him by plaintiff.    The plaintiff replied to the answer
and denied all of the allegations thereof and alleged further that,
if she did execute the deeds as alleged, she was a minor when
they were executed and they were void for that reason.

The plaintiff introduced in evidence, without objection, the
"census card" showing the enrollment of the plaintiff.    This
card showed that she was enrolled in September, 1898, and
that she was seven years old at the time of enrollment.    The
second of the two deeds that she had given defendant was
executed October 2, 1908.    She gave the other deed July 27,
1908.    The plaintiff rested when she introduced the census card,
and the defendant demurred to the evidence.    The court sus-
tained the demurrer and rendered judgment for the defendant.

The validity of the act making the enrollment records con-
clusive evidence as to the age of allottees is settled by the cases
of *Yarbrough v. Spaulding,* 31 Okla. 806, 123 Pac. 843, and
*Bell v. Cook* (C. C.) 192 Fed. 597.

The question presented here is as to the effect of the cen-
sus card.    It is contended by the defendant that, though it
shows plaintiff was seven years old in September, 1898, it
does not show that she was exactly 7 at that time and that she
may have been so near eight that her eighth bithday came be-
fore the 2d of October, 1898, and therefore she may have been
eighteen October 2, 1908.    This position is not tenable.

In enacting section 3 of the act of May 27, 1908 (Act
May 27, 1908, c. 199, 35 St. at L. 312), which made the rolls
of citizenship and of freedmen conclusive evidence as to the
quantum of blood of enrolled citizens and freedmen, and which
made the enrollment records of the Commission to the Five
Civilized Tribes conclusive evidence as to the age of citizens
and freedmen, it was the intention of Congress to provide a
means by which, for the purpose of that act, those facts were

ascertainable without the necessity for oral evidence. It was not the intention to leave the question open as to when the person whose age in dispute reached his majority. If the defendant's contentions are correct, the act still left a period of a year concerning which the dispute could have continued as to whether the birthday came at the beginning, middle, or end. The records must be taken as showing the exact age and not the age at the nearest birthday. The court committed error in sustaining the demurrer to the evidence.

Defendant also contends that plaintiff could not recover because there was no proof that she paid or tendered to defendant the consideration which the defendant had paid her for the land. The suit was in ejectment, and the defendant answered, denying plaintiff's title. No equitable issue was made by the pleadings. The issue made by the pleadings was one of title. But, if the equitable defense of failure to return the consideration had been made, it could not have availed the defendant.

Plaintiff was not eighteen years old when she made the deeds and therefore had a right to disaffirm without restoring the consideration. Comp. Laws 1909, sec. 5037 (Rev. Laws 1910, sec. 4525).

See, also, *Tirey v. Darneal,* 37 Okla. 606, 133 Pac. 614; *Howard v. Farrar,* 28 Okla. 490, 114 Pac. 695.

The case should be reversed and remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.