## PERRYMAN v. MORAN et al.

No. 5623.   Opinion Filed December 7, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1168.)

INDIANS—Age of Indian—Certified Copy of Enrollment Records—Conclusiveness. In an action by a duly enrolled Creek freedwoman to cancel a deed made by her on March 7, 1910, covering a portion of her allotment, on the ground that she was a minor at the time of the execution of the said deed, a certified copy of the enrollment records of the Commissioner to the Five Civilized Tribes of Indians is conclusive as to her age under section 3, of the act of Congress approved May 27, 1908 (35 St. at L. 312, c. 199).

(Syllabus by Dudley, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Josie Perryman, a minor, by James Johnson, guardian, against Gertrude Moran and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*C. B. McCrory, Frank L. Montgomery,* and *J. B. A. Robertson,* for plaintiff in error.

*Jay A. Anderson,* for defendants in error.

Opinion by DUDLEY, C. This is an action by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, to recover possession of certain real estate and quiet title thereto by the cancellation of certain deeds covering the same. The parties will be referred to as they were in the trial court. There was judgment for the defendants, from which the plaintiff has appealed.

The record discloses that the plaintiff is a Creek freedwoman, duly enrolled as such; that the real estate in controversy constitutes a portion of her allotment; that on March 7, 1910, she conveyed the same by general warranty deed to the defendant Moran, who, in November following, conveyed the same to the defendant Harris, and thereafter Harris conveyed the same to defendant Leonard, who was the record owner and in possession thereof at the time this suit was brought, subject to a mortgage in favor of the defendant Kane. The plaintiff seeks to set aside the deed to Moran on the ground that she was a minor at the time she executed the same. The defendants introduced in evidence a certified copy of the Creek freedman roll as the complete enrollment records as to the age of the allottee, the plaintiff herein. And thereupon, the following stipulation was entered into between the parties:

"It is agreed and admitted in this case that Josie Perryman is a Creek freedman, and as such there was allotted to her, as her proportionate share of the lands in the Creek Nation, the land involved in this action; that

she was enrolled by the Dawes Commission as of September, 1898, and that the enrollment record of said commission shows that she was enrolled as 11 years of age in September, 1898, as shown by the certified copy of the enrollment record admitted in evidence in this case and marked 'Exhibit ——,' attached to the amended answer of the defendant Gertrude Moran.   *   *   *"

The exhibit referred to in the foregoing stipulation is the certified copy of the Creek freedman roll introduced by the defendants. Under this stipulation, the parties treated the certified copy of said roll as the complete enrollment records of the Commissioner to the Five Civilized Tribes as to the age of said allottee; and it is therefore conclusive as to the age of said allottee, not as the Creek freedman roll, but as the complete enrollment records under the act of Congress of May 27, 1908. *Yarbrough v. Spaulding et al.,* 31 Okla. 806, 123 Pac. 843; *Rice v. Anderson,* 39 Okla. 279, 134 Pac. 1120; *Scott v. Brakel et al.,* 43 Okla. 655, 143 Pac. 510; *Bell v. Cook* (C. C.) 192 Fed. 597.

Treating this roll as the complete enrollment records, there can be no doubt but that the plaintiff was of age at the time she conveyed said premises to the defendant Moran.

The judgment of the trial court should be affirmed.

By the Court:   It is so ordered.