McINTOSH v. LINCOLN *et al.*

No. 6320. Opinion Filed April 11, 1916.

(156 Pac. 1170.)

INDIANS—Enrollment—Conclusiveness—The enrollment records of the Dawes Commission are conclusive evidence as to the age of all allottees whose names appear thereon as to conveyances made after Act Congress May 27, 1908, chap. 199, 35 Stat. 312, became effective.

(Syllabus by Hooker, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by Robert McIntosh against Monday Lincoln and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Hunt & Rhea* and *A. L. Harris,* for plaintiff in error.

*J. C. Pinson* and *L. J. Roach,* for defendants in error.

Opinion by HOOKER, C. The plaintiff in error sued in the lower court to quiet his title to the real estate involved here. The suit was originally filed by a guardian, but before trial it was claimed that plaintiff in error arrived at his majority, and the cause was prosecuted in the name of plaintiff in error.

It is alleged that the plaintiff in error is a Creek freedman, and that as such there was allotted to him the S. W. ¼ of section 18, township 18 N., range 16 E., in Wagoner county, and that the defendant in error Monday Lincoln claimed an interest in the property by virtue of a deed purporting to have been executed on February 14, 1913, by Robert McIntosh, conveying to him the N. ½ of S. W. ¼ of section 18, township 18 N., range 16 E., and

that C. W. Wolcott claimed an interest by virtue of a conveyance from Monday Lincoln of date February 14, 1913, which conveyed to him said last-named property, and also a deed from Lincoln to him of date February 19, 1913, conveying same property; that said deeds are void, and that the said Robert McIntosh, if he executed the deed to Monday Lincoln, was a minor, and incapacitated to sell and convey his allotment.

The defendant C. W. Wolcott in his answer admits that Robert McIntosh was a Creek freedman, and that Monday Lincoln conveyed the land to him (Wolcott), and claims that Robert McIntosh had conveyed same to Lincoln, and that McIntosh was of lawful age at the time of the conveyance to Lincoln by him, as shown by the enrollment records of the Dawes Commission. A copy of the enrollment record of the Dawes Commission, duly certified, was admitted in evidence, and same shows that Robert McIntosh was seven years of age in September, 1898; hence he became of age in September, 1912, and the deed executed by him in February, 1913, was valid. Under the authority of this court in the following cases: *Campbell v. McSpadden,* 44 Okla. 138, 143 Pac. 1138; *Scott v. Brakel,* 43 Okla. 655, 143 Pac. 510—the enrollment record must be held as conclusive evidence of the age of the allottee, Robert McIntosh, as to conveyances executed after the act of Congress of May 27, 1908, became effective.

We note the contention of plaintiff in error as to the enrollment records showing Robert McIntosh was only six years of age, but same is without merit.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.