## WILLIAMS et al. v. PEARCE et al.

No. 13437—Opinion Filed April 1, 1924.

1. **Indians—Death Before Statehood of Chickasaw Freedman—Removal of Restrictions.**

N., a Chickasaw freedman, died intestate in 1904. F., one of her heirs, then a minor, in 1905, executed a warranty deed, conveying his interest in the lands to N. F. came of age in 1911. In 1921, F. executed another deed purporting to convey his original interest in said lands. Held, under the act of Congress, 32 Stat. 641, in force in the Indian Territory at the time of the death of N. in 1904, restrictions on alienating her lands were removed by her death.

2. **Same—Validity of Deed by Minor Heir —Statutes.**

Under syllabus 1, the legal effect of the deed of 1905 of said minor must be determined by the statutes of Arkansas then in force in the Indian Territory, and the decisions of the court of last resort of that state, since Congress also had provided in 1904 that the laws of Arkansas, theretofore in force in the Indian Territory, were

extended so as to embrace the persons and estates of such minors.

3. **Same—Voidable Deed—Disaffirmance.**

Under syllabi 1 and 2, the deed of May 5, 1905, of the minor F. was merely voidable—not void—and operated to transfer the title of the said F. to his interest inherited in said lands, and F. had seven years, under Arkansas statutes, after coming of age in 1911, in which to disaffirm such deed.

4. **Same—Limitation of Actions—Schedule of Constitution—Action on Deed Barred by Arkansas Statutes.**

Under section 1 of the Schedule of the Constitution of Oklahoma, providing, inter alia, that no existing rights or contracts shall be affected by the coming of statehood, an action by the grantees of F., claiming under the deed of 1921 of F., is barred by such seven years statute of limitations of Arkansas—and is not governed by the statute of limitations of Oklahoma.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Angeline Williams, a minor, against F. J. Pearce et al., to quiet title and for partition. Judgment for plaintiff, and certain defendants. Defendants Andrew Franklin and C. J. Porter appeal. Affirmed.

Wallace & Field, B. B. Blakeney, and Hubert Ambrister, for plaintiffs in error.

H. G. Butts and O. W. Patchell, for defendants in error.

Opinion by ESTES, C. Caldonia Newberry, a Chickasaw freedman, died intestate in 1904, leaving an estate of 20 acres received by her as an allotment of the Choctaw-Chickasaw lands. It is not controverted that her sole heirs were her six living children and one grandchild, Andrew Franklin, plaintiff in error. On May 5, 1905, six of these heirs, including the grandchild, Andrew Franklin, joined in a warranty deed to the 20 acres, conveying same to the seventh heir, Simon Newberry. All of such grantors were of age except said Andrew Franklin, who was, at that time, between 15 and 16 years old. In 1906, Simon Newberry died and left as his sole heirs, his widow and four children. All the other heirs of said Simon, except one, Bertha Williams, in 1910, conveyed their interests in said lands to Isom Newberry, one of the four children of Simon. On November 11, 1912, said Simon Newberry conveyed all the interest owned by him in said lands to the defendant in error, F. J. Pearce. Bertha Williams, the one of the four heirs of said Simon who did not join in the conveyance to said Isom, died in 1916, leaving as her sole heirs, her husband, Jackson Williams, and Angeline Williams, a minor, one of the plaintiffs in error. The trial court found

that Jackson Williams and Angeline Williams each inherited an undivided one-eighth interest in said lands from said Bertha, and that Porter owned, by purchase, the interest of Jackson Williams. On August 31, 1921, the said Andrew Franklin executed a deed to one Louis Newberry, conveying an undivided one-third of whatever interest he still owned in said lands. Thereafter, said Louis Newberry conveyed the interest so acquired, if any, to the defendant in error Porter. This suit was filed by Angeline Williams by her guardian against the other plaintiffs in error and the defendants in error herein to quiet title to her aliquot part of the real estate and for an accounting. As shown by the pleadings, the parties disagreed as to their aliquot parts of said real estate. All parties asked affirmative relief. The court, in effect, found and adjudged that the deed of Andrew Franklin of May 5, 1905, was valid; that said Andrew had not availed himself of his rights to avoid the same under the Arkansas statute of limitations; that his ultimate grantees herein, Pearce and Broadwell holding oil and gas mining lease under Pearce—held good title under said minor's deed; that the pretended deed of said Andrew Franklin of August 31, 1921, conveyed no title to Louise Newberry, or his grantee, defendant Porter. The court found the shares of all others and adjudged partition of said real estate accordingly. No good purpose would here be served by setting out further the details of the findings and judgment. It is conceded that the only questions to be determined are, was the deed of Andrew Franklin of May 5, 1905, void or voidable, and was Andrew Franklin's cause of action herein barred by the statute of limitations? Let it be remembered that the real estate in controversy was the allotment of Caldonia Newberry—not of Andrew Franklin—and that said Andrew succeeded as an heir of his grandmother, the allottee, to his aliquot part thereof.

1, 2. By Act of Congress of 1902, 32 Stat. 641, lands allotted to Chickasaw freedmen were inalienable during the lifetime of the allottee, not exceeding 21 years from date of certificate of allotment. The patent to Caldonia, conveying the lands in controversy in this case, so recited. By her death, restrictions were removed. Congress also provided in 1904, that:

"All the laws of Arkansas heretofore put in force in the Indian Territory are hereby continued and extended in their operation, so as to embrace all persons and estates in said territory, whether Indian, freedman or otherwise."

The legal effect of the deed of the minor, said Andrew, of May 5, 1905, must be determined, under the Acts of Congress, by the statutes of Arkansas and the holdings of the court of last resort of that state. By the statutes of Arkansas, said Andrew was given seven years, the period of limitations, in which, upon coming of age, to disaffirm said deed executed in his infancy. In Kountz v. Davis, 34 Ark. 590, it was held that a deed having been made during non-age of the grantor, was voidable, and that the infant had seven years of the period of limitations in which, after coming of age, to disaffirm the conveyance executed in infancy.

3. The said deed of Andrew of May 5, 1905, was merely voidable. Barker v. Fuestal, 103 Ark. 312, 147 S. W. 45; Beauchamp v. Bertig, 90 Ark. 351, 119 S. W. 75, 23 L. R. A. (N. S.) 659. Such deed was not absolutely void. Tobin v. Spann, 85 Ark. 556, 109 S. W. 534, 16 L. R. A. (N. S.) 1672. Such deed did operate to transfer the title of the said Andrew. In Beauchamp v. Bertig, supra, it was said:

"It has long been the rule in this state that an infant's deed conveys title to his real estate, subject to his right to disaffirm when he becomes of age."

See statement of the general rules consonant with the above propositions in 31 C. J. 1026, citing the numerous jurisdictions, including the federal, in harmony therewith.

4. The court found, and it was not controverted, that from May 5, 1905, the date of the deed in controversy, until August 31, 1921, when said Andrew undertook to convey an interest in said real estate to Louis Newberry, the grantor of Porter, that said Andrew Franklin has "asserted no title or claim to any interest in said land, and the possession of Simon Newberry, Isom Newberry and F. J. Pearce was at all times adverse to said Franklin." The said Andrew came of age in 1911, at which time the seven years statute of limitations commenced to run against his right to disaffirm said first deed. The instant suit was not filed until after said Andrew had made his pretended deed of August 31, 1921. It is evident, therefore, that said Andrew is barred in the instant suit from maintaining any rights he may have had to disaffirm said deed of May 5, 1905. It is contended by plaintiffs in error that the seven years statute of limitations of Arkansas does not govern the facts in the instant action, but the 15 years statute of limitations of Oklahoma. Section 1 of the Schedule of the Constitution of Oklahoma, in part, reads as follows:

"No existing rights, actions, estates, proceedings, contracts or claims shall be affected by the change in the form of government, but all shall continue as if no change in the form of government had taken place."

We think the terms "existing rights" and perhaps "contracts" in the foregoing are applicable to the deed of Andrew. In the case of Blanchard & Co. v. Ezell, 25 Okla. 434, 106 Pac. 960, this court states that:

"The purpose of this section of the Schedule is to preserve all rights already accrued and either in action or capable of being enforced by the ordinary remedies provided for this purpose, as effectively as if the Constitution had not been adopted. The language is broad enough to include all rights and claims whatever their nature. No distinction is made between statutory rights and those existing at the common law, nor between those arising out of torts and those founded upon contract."

In Davis v. Foley, 60 Okla. 87, 159 Pac. 646, it was held that an action on a judgment rendered by the United States Court for the Indian Territory could be brought in the courts of Oklahoma, after the erection of the state, if brought within the time prescribed by the Arkansas statute of limitations. Sager v. Jordan, Admrx., 80 Okla. 25, 193 Pac. 876. The same principle was applied in Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636, in a suit on a note executed in the Indian Territory prior to statehood. The Arkansas statute of limitations as to promissory notes was held to govern. The same principle applies in determining the rights of the parties under the said deed of the said Andrew made in 1905.

The line of authorities cited by counsel for plaintiffs in error—Tidal Oil Co. et al. v. Flannagan, 87 Okla. 231, 209 Pac. 729; Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac. 334, and others—have no application to the case at bar. In those cases, the court had under consideration attempts of minors to convey or mortgage their individual allotments while under federal disabilities and involving the acts of Congress of April 26, 1906, and of May 27, 1908. The instant case involves inherited lands of the minor and arose prior to said acts of Congress.

Under the views above expressed, it is unnecessary to discuss the other contentions found in the able brief of plaintiffs in error. It is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.