## WARNER v. WILLIAMS et al.

No. 20966. Opinion Filed June 21, 1932.

William Belton Moore, for plaintiff in error.

W. A. Barnett, for defendants in error.

McNEILL, J. This is an appeal from a judgment rendered by the superior court of Okmulgee county, Henryetta division, in an action instituted by Lucy Myers, the surviving widow of Bennie Bruner, deceased, and their three minor children, to quiet their title in and to a certain unrestricted 40-acre tract of land in said county and obtain possession of same. On April 4, 1905, Bennie Bruner, a Creek freedman, duly enrolled as such on the rolls of the Civilized Creek Nation, acquired title to said premises. E. S. Warner and C. Williams were made defendants, and each claimed title to said premises through said Bennie Bruner.

Warner claimed his title as follows: On June 20, 1905, Bennie Bruner executed a warranty deed conveying said premises to the Iowa Land & Trust Company; on February 25, 1909, said company conveyed the same to W. D. Elmer, who on December 7, 1911, conveyed by quitclaim deed said premises to said defendant E. S. Warner, the plaintiff in error herein.

C. Williams claimed title as follows: On March 14, 1908, Bennie Bruner made and executed an instrument designated as a warranty deed, though in fact a mortgage in the form of a deed, to M. E. Colclazier; thereafter, on August 8, 1919, said Colclazier quitclaimed his interest in said premises to C. Williams. It also appears that said Williams prior thereto had occupied said premises under a lease contract from the Land Company from the years 1915 to 1919, and thereafter continued to occupy the same.

The plaintiffs in their petition alleged that Bennie Bruner died in 1912 intestate and in possession of said real estate and seized of the same, leaving said wife and children surviving him as the owners of said real estate and entitled to the possession thereof; that C. Williams was wrongfully withholding possession; that said defendants and each of them claimed some right, title, or interest in and to said premises; that the deed of Bennie Bruner executed and delivered to Colclazier was intended solely as a mortgage to secure payment of $250 for some horses purchased by Bruner from Colclazier; that the horses were returned and the consideration wholly failed; that at the time of the execution of said deed to Colclazier, March 14, 1908, said Bennie Bruner was not of the age of 21 years. Plaintiffs prayed for the quieting of their title and possession of said premises.

The defendant Warner filed an answer and cross-petition denying that plaintiffs, or any of said defendants, had any right, title, or interest in and to said premises, and specifically denied that said Bennie Bruner was a minor on June 20, 1905, being the date that Bennie Bruner executed the aforesaid deed to the Land Company. Said defendant Warner claimed title to said premises by reason of mesne aforesaid conveyances. Said defendant also pleaded that said plaintiffs were estopped from asserting such minority against said defendant, as the said Bennie Bruner represented himself to be of age at the time he made said deed to the Iowa Land & Trust Company; that said company relied on these representations; that he appeared to be of full age at said time; that there was no disaffirmance of said deed; that by reason of his title in and to said premises, he prayed judgment against C. Williams in the sum of $700 as damages and as rents and profits.

Said defendant also pleaded that plaintiffs' cause of action was barred by the statutes of limitation, being sections 4471, 4483, and 4484 of the Digest of the Statutes of Arkansas, 1884, being in force in the Indian Territory prior to statehood of Oklahoma.

The defendant C. Williams filed a separate answer to the cross-petition of E. S. Warner, denying that he was the tenant of the said E. S. Warner, and alleged that he purchased the said premises for a good and valuable consideration from M. E. Colclazier; denied that said Bennie Bruner was a minor at the time of the execution of his deed to Colclazier, denied that the said Warner had any right, title, or interest or estate in and to said lands, and alleged that the deed of conveyance to said Warner should be canceled, set aside, and held for naught for the reason that said Bennie Bruner was a minor at the time of the execution of said deed to the Land Company.

Plaintiff in error sets forth 21 assignments of error, which seem to center around the question of whether or not Bennie Bruner was a minor at the time he executed the deed to the Iowa Land & Trust Company, and that, on account of the alleged fraud of the said Bennie Bruner in representing himself to be of age at the time of the execution of said deed, the heirs of said Bennie Bruner should be stopped from asserting any benefit on account of the minority of the said Bennie Bruner. Also, that the defendant C. Williams should be estopped from asserting any paramount title to that claimed and alleged by said Warner, on account of a certain rental contract en-

tered into between these parties, Warner and Williams, in January, 1915.

Counsel for plaintiff in error complains that there was no competent evidence introduced to show that Bennie Bruner was a minor when he made the deed to the Land Company, and that the Bible record which was introduced in evidence showing that Bennie Bruner was born December 25, 1886, was inadmissible. This Bible was in the possession of Creacy Bruner, the mother of Bennie Bruner, at the time of her death and for some years prior thereto. Bennie Bruner's wife, Lucy Myers, had seen this Bible in her mother-in-law's home about six years prior to the death of her father-in-law. All of these matters were properly for the consideration of the trial court, as well as the enrollment record of Bennie Bruner, which shows that Bennie Bruner, roll No. 1641 on the approved freedmen rolls, was 13 years of age in August, 1898. If this land had been restricted, the enrollment records of the Dawes Commission would have been conclusive on the question of the age of Bennie Bruner. Campbell v. McSpadden, 34 Okla. 377, 127 P. 854; Rice v. Anderson, 39 Okla. 279, 134 P. 1120; Scott v. Brakel et al., 43 Okla. 655, 143 P. 510; Phillips v. Bird, 43 Okla. 556, 143 P. 684; Campbell v. McSpadden, 44 Okla. 138, 143 P. 1138; Davis v. Thompson, 72 Okla. 25, 177 P. 87, and Bilby v. Jacobs, 80 Okla. 216, 195 P. 782.

We know of no reason why the trial court should not have considered this enrollment record, which would be binding on the court on questions involving restricted lands, for the purpose of throwing some light on the question as to the age of Bennie Bruner when considering conveyances to unrestricted lands which he had purchased. The act of Congress, May 27, 1908 (35 Stat. 312), specifically authorized the Dawes Commission to make this record, and we consider it highly persuasive as a circumstance in determining the minority of said Bennie Bruner at the time of the execution of the deed to the Iowa Land & Trust Company. Such records were required to be kept by the governmental authorities. They were neither binding nor conclusive, but they were competent for admission in the instant case. Evanston v. Jessie Gunn, 99 U. S. 660-668, 25 L. Ed. 306-308. The trial court found from the entire record that Bennie Bruner was a minor 20 years of age at the time he executed the deed to the Iowa Land & Trust Company. This finding is not clearly against the weight of the evidence. Bennie Bruner disaffirmed his title to the Land Company when he executed the foregoing instrument on March 14, 1908, to M. E. Colclazier.

Counsel for the defendant Warner pleaded that plaintiffs' cause of action is barred by the statutes of limitation, being sections 4471, 4483, and 4484 of Mansfield's Digest of Statutes of Arkansas, 1884, which were in force in the Indian Territory prior to statehood of Oklahoma. We approve this contention. Section 1 of the Schedule of the Constitution of Oklahoma, in part, reads as follows:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

The deed was executed to Warner in 1905 prior to the admission of this state to the Union on November 16, 1907. Under the finding of the trial court, Bennie Bruner was 20 years of age on June 20, 1905. We find that the evidence does not warrant that this finding should be disturbed. By reason thereof the deed to the defendant Warner was voidable. Williams v. Pearce, 98 Okla. 206, 225 P. 373. Such deed conveyed title to said premises, subject to the right of Bennie Bruner to disaffirm the same when he became of age. Beauchamp v. Bertig, 90 Ark. 351, 119 S. W. 75. By the statutes of Arkansas said Bennie Bruner was given seven years, the period of limitations, within which, upon his coming of age, to disaffirm the deed to Warner executed during his infancy. Kountz v. Davis, 34 Ark. 590, cited with approval in Williams v. Pearce, supra. Said minor made his disaffirmance by the execution of said Colclazier instrument within the period of limitations under the statutes of Arkansas. The seven-year statute of Arkansas governed in reference to the time of making the disaffirmance. The rights of said Bennie Bruner and widow and minor children were governed by the statutes of limitations of Arkansas and not by the statutes of limitations of Oklahoma. The widow and minor children of Bennie Bruner not having commenced an action until August 2, 1926, are barred from maintaining this action under section 4471, Mansfield's Digest of Arkansas. See Thomas v. Trimble et al., 130 Okla. 223, 267 P. 243. It is unnecessary to discuss the issues further in reference to the Warner deed. The judgment of the trial court in canceling the deed to Warner is error.

We next consider the Williams deed which he secured from Colclazier. An examination

of this deed shows on its face that it is in the nature of a mortgage. There is evidence in the record to the effect that the deed was taken to secure payment for two head of horses which Colclazier was selling to Bennie Bruner. The evidence also shows that the horses were later returned by Bruner to Colclazier. Colclazier merely quitclaimed the interest, if any, he had in said premises to the defendant Williams. Said deed warrants no title to the defendant Williams. The conveyance of Bruner to Warner vested title in said premises to Warner, subject to the rights, if any, of Bennie Bruner, his wife, and minor children to cancel said deed. We hold they are barred by section 4471, Mansfield's Digest of Arkansas, and therefore defendant Williams could not and did not receive title through his mortgage conveyance. It is unnecessary to discuss other questions presented by the briefs.

The judgment of the trial court is reversed, with directions to enter judgment in favor of the defendant Warner.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.