## LAWSON et al. v. BRIDGES et al.

No. 25901. March 26, 1935.

Rehearing Denied April 12, 1935.

C. N. Simon, for plaintiffs in error,

Z. I. J. Bolt, for defendants in error.

PER CURIAM. This action was filed in the district court of Tulsa county by plaintiffs, on February 28, 1933, through their next friend, and against the defendants, alleging, in substance: That the plaintiff Myrtle Bridges Lawson's maiden name was Bridges before she married the plaintiff, Robert Lawson. That the plaintiff was born March 1, 1914, and reached the age of 18 years on March 1, 1932. That the plaintiff's husband was born May 3, 1913, and would be 20 years of age on his next brithday, May 3, 1933.

Plaintiffs further alleged that on August 14, 1926, Myrtle Bridges Lawson, at said time 12 years old, acquired title to lots 1,

2 and 3, block 14, Fears addition to Broken Arrow, Okla., as shown by deed duly recorded; that on September 16, 1931, the said defendants Perry G. Bridges and May Bridges, having been informed and advised that the plaintiffs and each of them were minors, and knowing they were unlearned in business transactions, procured from them, the said plaintiffs, a warranty deed conveying to the said defendants the above-described property. The deed is duly recorded; that defendants paid $105 in cash and a model A Ford automobile, not exceeding in value $25; that the defendants knew the property was of the value of $1,500; that defendants took possession of the property on September 16, 1931; that the improvements on the property consisted of a five-room plastered house. Defendants have collected the rents since said date. The rental value thereof was $15 per month.

An indefinite allegation, with reference to taxes for the years 1928 to 1931, inclusive, was made; that the defendants have collected rents in excess of $250 and in excess of the taxes and the purchase price. It is further alleged that plaintiffs did not have the money received from defendants. In fact, no money whatever, and were unable to make refund to the defendants. They offered to pay to the defendants whatever money the court deemed just and proper. They asked for an accounting of all the rents. They alleged the deed was void, and by reason of the premises the defendants did not acquire title to said property; that said deed constitutes a cloud on the title of the plaintiffs.

Plaintiffs prayed for judgment against the defendants and each of them; that the deed be canceled; that the defendants be required to give an accounting of the rents received and collected, and that they have all proper and equitable relief as to the court might seem just and proper.

This petition was duly verified by Myrtle Bridges Lawson. After certain preliminary motions and demurrers, the defendants filed an answer composed of a general denial. They admitted the plaintiff Myrtle Bridges Lawson acquired title to said real estate and thereafter conveyed the same to the defendants. They stated that the allegations of plaintiffs' petition were insufficient and the cause of action attempted to be set forth is barred, and was, at the time said action was commenced, barred.

To this answer the plaintiffs filed a reply consisting of a general denial.

This case proceeded to trial on the 19th day of March, 1934. The evidence in behalf of the plaintiff Myrtle Bridges Lawson showed she had formerly lived at Broken Arrow; that she owned the house and lots in controversy and acquired it from her father's estate when she was 12 years of age; that she was born on March 1, 1914, and was married in 1930; that she made a deed to said property to the defendant Bridges in 1931; that the defendant paid her $105 and a model A Ford car and $2.50 in groceries; that during the time she owned the house it rented for $15 per month; that it was a four-room house and was bought for her for the sum of $1,350; that her husband was 19 years old and was present, but he took no part in the trade. She said she was behind with her taxes and was told that the property was going to be sold and she wanted to get something out of it; that she was behind $40 or $50 on her taxes; that she told Mr. Bridges that she was not 18 years old on the date of the deed. When she made this deed she was married and living with her present husband. She signed this deed in Broken Arrow before a notary public, but he did not ask her about her age; that she talked to Mr. Bridges about three times before the deed was made, and one time, about a week before, in the presence of her husband, step-father, and mother; that she did not figure out how much she was getting for her property and did not know what the purchase price would amount to other than that she received $105 in cash, some groceries, and this Ford car.

Defendants' attorney stated the notary who took the acknowledgment would testify that plaintiff Myrtle Bridges Lawson and her mother advised him that the girl was of age and Mr. Bridges was present at the time.

The defendants interposed a demurrer to the evidence on the ground the action was barred by the statute of limitation. There appears to have been a statement made in the record of what the defendant Bridges would testify, but he was not sworn and did not in fact testify. The defendant Bridges, however, was interrogated by the court, and from his statement the car was worth from $325 to $350; $105 in cash was paid the plaintiff Myrtle Bridges Lawson, and groceries were given to her in the amount of $14.50, back taxes were paid to the amount of $78.01, and there were abstract fees. Other evidence on the part of defendants showed the value of the auto-

mobile at the time of the trade. There was other evidence as to the repairs put upon the house by the defendants, also as to the reasonable rental value of the property. According to the witness the property was worth about $500 or $600.

The court found that the plaintiff must restore the consideration before she could obtain a cancellation of the deed to the premises, and valued the automobile at $300, the groceries were fixed at $14.50, and the cash consideration of $105. He allowed an offset for rent collected by the defendants and charged against the plaintiffs the taxes and gave credit for $150 for such rent. The total amount which the court held must be restored to defendants by the plaintiffs was the sum of $684.02, and deducted therefrom the sum of $150 for rent, leaving a balance due that the plaintiffs were ordered to pay back in the sum of $534.02.

The judgment further provided that when receipts were presented to show the plaintiff had paid the aforesaid sum, the conveyance would be canceled. It was further decreed that if the plaintiff failed to pay said balance, then, upon proof same had not been paid, a decree should be entered enjoining the plaintiffs from any right or interest in the property. In due time the plaintiffs filed a motion for new trial, which raised the principal question that the court erred in not rendering judgment for plaintiffs. This motion for new trial was overruled and exception was taken and notice of appeal to this court was entered.

The principal question involved in this case is whether or not the court erred in requiring the plaintiff to refund to the defendants the purchase price paid for the property, and also the payment of repairs and taxes on said property during the time defendants had possession of same. It becomes necessary to analyze the statutes granting power to minors to sell real estate and the construction the courts have placed thereon by previous decisions. Section 9397, Oklahoma Statutes, 1931, provides as follows:

"A minor cannot give a delegation of power, nor, under the age of 18, make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control, except as otherwise specially provided."

Section 9399, of the same volume, provides for the disaffirmance of minor's contract as follows:

"In all cases other than those specified herein, the contract of a minor, if made while he is under the age of 18, may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor while he is over the age of 18, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received or paying its equivalent with interest."

The proviso contained in section 9658, O. S. 1931, is also material in this case, because it provides that any person of whatsoever age, who has been legally married and who is otherwise qualified, may dispose of and make contracts relating to real estate acquired after marriage. This latter proviso, however, is not material to the decision of this case, for the reason the property, which is the subject of controversy, was acquired by the plaintiff Myrtle Bridges Lawson before her marriage and at a time when she was 12 years of age.

The limit of the right of a minor under the age of 18 years to make a contract relating to real property is defined in section 9397, supra, and a minor, even though married, cannot convey title to real property acquired prior to her marriage, and such conveyance is void. We therefore conclude that the deed, executed by the plaintiff Myrtle Bridges Lawson to the defendants, was, at the time same was made, absolutely void, and did not confer any right upon the defendants whatsoever for the reason that at the time the deed was executed Myrtle Bridges Lawson had not attained the age of 18 years.

It is contended by the defendants, however, that on account of certain allegations in plaintiffs' petition, in which the plaintiff Myrtle Bridges Lawson asks to excuse herself from failure to refund the purchase money and in offering to restore the consideration, the case being tried upon that theory, she could not now change her theory and object to the offset allowed in the court below. We do not agree with this contention of the defendants. As we construe the petition, the plaintiff Myrtle Bridges Lawson was perhaps laboring under a mistaken belief that she had to tender back the purchase price before a cancellation could be had, and not being in a position to pay back such consideration, she alleged her inability to do so because of lack of funds. This would not be in the nature of an admission against interest which would bind the plaintiff. These allegations were

wholly unnecessary to the presentation of her case. The theory on which this case was tried, and of which the defendants complain, was presented by the defendants themselves in offering evidence of the expenditure of the funds for which they sought credit, without any pleading to support same. The court is not impressed with the theory that the plaintiffs, by such allegations, were required to tender back the payment of the purchase price or pay back the amount of money expended upon the property by the defendants in improvements.

In this position we are not unmindful of the case of Muskogee Development Co. et al. v. Green et al., 22 Okla. 237, 97 P. 619. That was a case in which the father of the minor Creek Indian, believing, under the Supplemental Agreement, that he was authorized to lease the minor's land, leased it for agricultural purposes. The lessor and the lessee believed in good faith that the guardian had a right to lease his ward's land and to authorize certain improvements to be made thereon, and in conformity to such belief the lease was entered into and the lessee made valuable improvements upon the premises and expended considerable sums of money thereon. The court held as the rental value of said land was thereby increased and permanent improvements had been made in good faith upon belief of the parties to the lease contract, said contract was binding and legal, and the lessee could recover the value of the improvements. This court said that a court of equity, in seeking to do substantial justice and looking to the substance rather than to the form, will do justice between the parties and order recompense for the outlay.

However, we do not believe this case is authority to sustain the judgment in the instant case. The evidence shows that the defendant, Mr. Bridges, was advised that the plaintiff Myrtle Bridges Lawson was under the age of 18 years, and he knew and understood at the time this deed was made she had no legal right to convey the title to the property, and knowing that she did not have the right to enter into the contract, she could recover the land back, and any improvements he made thereon would necessarily be a loss to him.

The plaintiff Myrtle Bridges Lawson was not required to tender back the purchase price of this land in order to cancel the deed. This rule was announced by the court in the case of Rice v. Anderson, 39 Okla. 279, 134 P. 1120, as follows:

"When a conveyance is made by a minor under the age of 18 years, he is not required to return or offer to return the consideration as a condition of being permitted to disaffirm the contract."

Further in the opinion, the court said:

"Plaintiff was not 18 years old when she made the deeds, and therefore had a right to disaffirm without restoring the consideration."

The trial court, in the instant case, found that the plaintiff Myrtle Bridges Lawson disaffirmed the deed within one year after she arrived at the full age of majority, and there is sufficient evidence in the record to justify that finding. The one-year statute of limitation, pleaded by the defendants, is not available as a defense. On that part of the judgment allowing the set-off, some difficulty is presented. However, the evidence in this record shows that the defendants were advised of the age of the plaintiff Myrtle Bridges Lawson at the time the deed was executed, and no actual fraud was perpetrated by her, and the doctrine announced in the case of International Land Co. v. Marshall, 22 Okla. 693, 98 P. 951, does not apply. There is a total absence of false and fraudulent representations. The defendants have not appropriate pleadings to sustain such a contention.

The court is therefore of the opinion that that portion of the decree requiring the plaintiff Myrtle Bridges Lawson to pay back the purchase price and to pay the defendants the expenses of improving the property before the deed should be canceled, is erroneous. A more difficult problem, however, is involved in the decree allowing the sum for payment of taxes. We have made an independent search of the authorities and believe that, as the property of the minor is liable for these taxes and that her estate would be required to pay same even after she reached the age of majority, she should be required to pay the defendants the amount of taxes which have been paid. The case of Beauchamp v. Bertig, 90 Ark. 351, 119 S. W. 75, is persuasive upon this proposition, wherein the court said:

"Furthermore, aside from the contract, equity will compel the appellant, before he can recover possession, to repay the appellees for the debts which they discharged against the Sitterding estate. For this the estate would be liable after the minors reached majority, their homestead rights having expired. Appellees, who held this debt against the estate, made it a part of the consideration of their purchase from

the Sitterdings, and they, the Sitterdings, thus received the benefit of it."

It is ordered that the judgment in said case be reversed and that the court enter an order canceling the conveyance. That the amount of taxes paid out by the defendants be deducted from the rental income of said property as found by the lower court, and it enter judgment against the defendants for the difference between the taxes paid out and the rental income.

The Supreme Court acknowledges the aid of Attorneys F. H. Reily, Ray Evans, and G. E. McKinnis, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Reily and approved by Mr. Evans and Mr. McKinnis, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.